Martin B. .Stecher, J.
This is a motion for summary judgment in an action to foreclose a mortgage. There is no dispute that the defendant Reitman made a promissory note to the plaintiff and that his wholly-owned corporation, the defendant 27 Leonard Street Coxp., made and delivered a mortgage on real property in New York County to secure the obligation of the note. Nor is there any dispute that the note is in default and that under the terms of the mortgage, except for the defense asserted, the remedy of foreclosure would be available and that summary judgment should be granted.
The defendant contends that the loan; was usurious in that it exceeded the legal rate of interest applicable at the time the loan was made. The contention of usury arises out of the fact that pursuant to the terms of the note the plaintiff was permitted to discount the obligation in advance and did so thereby increasing the effective rate of interest on the net sums actually advanced. Had the plaintiff advanced the face amount of the note and received periodic payments of interest as such interest accrued there is no question that the obligation would have been nonusurious. The issue then focuses on whether or not the discount resulted in usury.
Section 108 (subd. 4, par. [b]) of the Banking Law perniits a discount in advance on a personal loan where the .face amount of the loan is more than $12,000, is tó be paid in not more than 61 monthly installments, “ and is made for a commercial or business use or purpose or for investment in or purchase of an unincorporated business or commercial ¿enterprise ’’. The defendant Reitman contends that he informed the plaintiff at the time the loan was made “ that the proceeds of the loan were to be used by me for loan to and for investment in Namtier Hotel Corp.”, of which Reitman was the sole.stockholder. From the papers, it appears that Reitman deposited the plaintiff’s advance directly in the Namtier account as a loan and that the funds were thereupon .promptly disbursed to Namtier’s creditors. For the purposes of this motion, I must accept as true Reitman’s version of the facts, although disputed by the plaintiff. The issue then is: is a loan to' an individual, who intends to lend it to-his wholly-OWned corporation, a loan ‘ ‘ made for a commercial or business use or pur- *421 pose or for investment in or purchase of an unincorporated business or commercial enterprise”?
The interpretation of the statute is a matter of law for the court (Bush v. Delaware, Lackawanna & Western R. R. Co., 166 N. Y. 210) unaided, in this case, by legislative history or statutory definition of business use or purpose.
I interpret the statute as seeking to enlarge the area in which such loans may ibe made. There is little doubt that if the loan had been made directly to N am tier or the corporate defendant herein it would not have been usurious.- It is equally apparent that the Legislature intended that an individual be able to borrow money under such terms where he did not have available a corporate structure enabling him to borrow at these rates. It would indeed be anomalous if the corporation could have borrowed the money on these terms for a corporate purpose and the individual could have borrowed the money on the same terms for an individual purpose, both loans being non-usurious, while the individual borrowing for a corporate purpose would have made the loan usurious.
Argument may also be made that a loan to an individual who intends to relend the money to a corporation is a loan for an individual purpose but I do not think we are required to reach this point. I am satisfied that the intent of the statute was to permit such loans to noncorporate borrowers so that individual borrowers would be less restricted in the sums of money which they could obtain on credit.
The motion for summary judgment is granted.